### DAVIES v. FULLERTON et al.

No. 20863. Opinion Filed April 21, 1931.

Rehearing Denied June 30, 1931.

A. G. Morr'son & Sons and W. P. Morrison, for plaintiff in error.

Morris & Wilhite, for defendants in error.

CLARK, V. C. J. This action was filed in the district court of Caddo county by Ella H. Fullerton, H. G. Fullerton, L. H. Fullerton, Eula H. Fullerton, Lena M. Fullerton, Paul F. Fullerton, and Max A. Fullerton against plaintiff in error, R. O. Davies, to recover rent for Ella H. Fullerton and her children on a certain tract of land located in Caddo county, Okla. For convenience the parties will be referred to as they appeared in the trial court. Plaintiffs alleged that defendant for several years has occupied the said premises, which formerly belonged to W. H. Fullerton, and upon his death was inherited by his wife, Ella H. Fullerton, and their children; that the administration of the estate of W. H. Fullerton had been closed, and that the land involved in this controversy had passed to and was owned by the plaintiffs.

Defendant filed an answer and cross-petition. In said answer he denied that he owed any rent, and alleged as a defense that the plaintiffs had sold the real estate in controversy to the defendant and placed him in possession thereof, and that the defendant was the rightful owner of said real estate. He filed a cross-petition in which he asked for specific performance of contract of sale by plaintiffs. An amendment to the answer and cross-petition was filed in which the defendant alleged that a warranty deed had been made, executed, and delivered to him to said premises, and prayed the court to vest title to said land in him; and the court, after hearing the evidence of the witnesses, found for plaintiffs for the rent due and against the defendant on his cross-petition and prayer for specific performance.

Defendant, to prove his contract, relied on letters written by Ella H. Fullerton to himself, and also on an undelivered deed which was destroyed before the suit was brought. Plaintiffs contended that said negotiations of sale had been abandoned and called off by failure of defendant to perform his agreement. The letters offered in evidence from Ella H. Fullerton were not signed by any of the children, who were all adults, and said letters were insufficient.

The memorandum, under the statute of frauds (Comp. Stat. 1921, sec. 5034, subd. 5), is not complete in itself, and, from the letters written, the purchaser was negotiating for the purchase of the entire estate, and there is nothing in the record to show that Ella H. Fullerton was authorized in writing to bind the other owners of this property in a contract of sale as required by the statute of frauds, and said letters would not satisfy the requirements of the statute of frauds.

This court, in the case of Atwood v. Rose, 32 Okla. 355, 362, 122 Pac. 929, held:

"The alleged contract in this case is for the sale of real estate owned jointly by two persons. It is manifest the purchaser was negotiating for the purchase of the entire estate. Therefore, to sustain it, the writings must show that the agent, at the moment of the attempted sale, was clothed with written authority from both owners to make the sale to the purchaser upon identical terms, and that it was so made."

A contract of sale which demands that a court of equity enforce specific performance of sale must be certain in all its material terms and complete evidence of the entire agreement. Where the contract is not complete within itself, the statute of frauds has not been satisfied.

There is nothing in any of the letters offered that mentioned an agreement to reconvey one-half of the royalty to plaintiffs. The evidence was not sufficient to warrant the trial court in entering a decree of specific performance. The statute of frauds requires that a contract for the sale of real property, to be enforceable, must be in writing, and signed by the party or parties to be charged.

There is no memorandum reduced to writing signed by the owners of the real property sufficient to satisfy the statute of frauds. There were other contentions made as to the oral contract, which was not covered by any written memorandum offered in evidence.

The trial court did not err in entering judgment for plaintiffs and denying defendant relief on his cross-petition. Judgment of the trial court is in all things affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.