## YOUNG v. ROLLER.

No. 32851.   Jan. 27, 1948.

As Corrected on Denial of Rehearing
Nov. 9, 1948.

Application for Leave to File Second
Petition for Rehearing Denied
Jan. 8, 1949.

*201 P. 2d 793.*

N. E. McNeill, of Tulsa, and Haskell Paul, of Pauls Valley, for plaintiff in error.

Curtis & Blanton, of Pauls Valley, and Twyford, Smith & Crowe, of Oklahoma City, for defendant in error.

ARNOLD, J. This action for specific performance of an alleged contract for the purchase and sale of real estate situated in Garvin county was instituted by G. O. Young.

It is the theory of plaintiff that the letter of defendant received by him on May 28, 1945, offering to sell the real estate involved in this litigation on the terms thereof was unconditionally accepted by him by letter posted on the day of receipt of defendant's letter and that there being no equities shown in favor of the defendant he was entitled to specific performance, which was denied by the trial judge, as a matter of right. The letters between the parties up to and including the above referred to acceptance letter are as follows:

"Mr. R. E. Roller
"39 Horizon Ave.,
"Venice, Cal.
"Dear Sir:

"I have a farm East of yours in Garvin Co. The one you own that Mr. Adams rents. I need more land for pasture. Can buy the Jenkins land, but thought yours might be cheaper. He wants $30.00. What will you take for yours? Will pay cash if price is reasonable. Answer please."

"Yours truly,
"(Signed)   G. O. Young
Sapulpa, Okla.
"May 4, 1945.

"2215 Pacific Ave.
Venice Calif
5- 11 45

"Mr. G. O. Young

"Sir. in Reply to your of the 4 Will Say I will Take $2000 Per A. for my Place in Sect. 36 4 N 3 W 160 A And Reserve 30 Undivided Royalty T h i s Would Leave you 70 A as 60 is Already Sold if this Would Suit you let Me no at oence Very Resp

"R. E. Roller"

"2215 Pacific Ave.
Venice Calif
5 18 45

"Mr. G. O. Young

"Sir in Reply to yours of the 14th if you Want all the Royalty I wont take less than $4000.00 or will still take the 20 Per A and Retain 30 A of Royalty if Eathur of thes Proposel Suit you the year is just about ½ Gon and the Payment on the Lease is Dew in August I will Will take the Lease Money or W i l l Pay the 45 Taxes and Retain the Rent for 45 This is as Good as I Will Do if you Want to Except Eather one I Will Put up the Deed in your Bank agant $800.00 Esko untile Tittle is Perfected and Will Have Abstract Brout Down to Date and Mailed to you I am Riting the Detales to Keep from

Causing Father Delay of Cors if you Have any other Proposal I would consider them

"Ver Resp
"R. E. Roller"

---

"2215 Pacific Ave
Venice Calif
5- 18 45

"Mr. G O Young

"Sir in Reply to yours of the 14 Will Say if you Want all the Royalty I woulden Take Les than $4000.00 for the Place or Will Still Take the 20 Per A and Retain 30 A of Royalty fif Eather one of thes Proposel Suit you the year is about ½ Gon and the Leace Money Will Be Due in August I Will Eather take the Leace Money or Will Pay the 45 Taxes and Colect the 45 Rent on the Place and of Cors Furnish Abstract The Tittle is G o o d I have Had a U S Lone on it thoe at Present No Loan on it I will Put up the Deed agant $800oo Esco in your Bank untile Title is Aproved This is the Best I Will Do Very Resptiful
"R. E. Roller"

---

"Sapulpa, Okla.
May 22 - 1945.

"Mr. R. E. Roller,
"2215 Pacific Ave.,
"Venice, Cal.
"Dear Sir:

"I am trying hard to get together with you on a deal for your land, but don't like to buy something and then not get it. Already 60 acres of the oil right has been sold and loan companies won't loan money on places without at least half the oil. They don't like to loan where any has been deeded away.

"I have decided it would be better to buy where I get all if possible. Then title examiners don't ask questions.

"If you want to sell for $3500.00 that will be OK, but $4000oo is too high for that kind of land.

"If this is OK by you I will put up $800.00 in the bank against your deed and pay the balance when your abstract has been brought to date and title approved. I will pay the 45 taxes and let you keep the cash rent if any that's been paid you for pasture or crops grown on the place this year.

"I am sending you an Oklahoma deed form to use if you decide to sell. Send it to American National Bank with a letter telling them if I don't put $800.00 there with a letter that I will pay $2700oo more when abstract has been brought to date and approved your deed is to be returned to you. Then send abstract to have it brought down. The bank here could have that done.

"If you had all the royalty I would agree that you keep out a 1-4th, but already more than that is gone.

"Write soon, so I will know what to depend on. If you send deed to the bank I will put up the $800oo as soon as it gets here.

"Yours truly,
(Signed) G. O. Young"

---

"2215 Pacific Ave
Venice Calif
"5 26 45

"Mr. G. O. Young in Reply of the 22 it Seams like you want all the Royalty and I think you are using a Wise Head of Course I Gess you no more about the Prospect of a Well going Down in that Part than I Do thoe I no that they are Paing Pretty Good Prices for Leaces there for A Wild Cat Place and I can not Except your Price I have just got one More to off I will Take $3850oo and Turn you All the 45 Rent and all of the 45 Oil Leace Money if this Suits you I will Send you A Order to Mr. Adams and to the Oil Co. that Holds the Lease Along With the Deed and Will Except your Terms at the Bank

"Very Resp
"R. E. Roller"

---

"May 28, 1945
"Mr. R. E. Roller
"2215 Pacific Avenue
"Venice, California
"Dear Sir:

"Certainly $3850.00 is a good, stiff price for a farm such as you have in Garvin County, particularly where a

substantial part of the oil right has been sold. The land is principally of value for grazing and when I first considered the deal, I thought your price of $20.00 per acre plenty high. Anyhow, I have decided, whether wisely or not, to pay you $3850.00 for the place, with the understanding that you turn me the '45 rent and the '45 oil lease money. In other words, I accept your offer of May 26th, 1945, in accordance with its terms.

"I have prepared and am enclosing for execution by you a Deed to the place. Also a draft for $800.00 and orders respecting the lease money and the rent. There is also enclosed an escrow agreement respecting the $800.00 bearing my signature.

"You may endorse the draft, sign the Deeds and the orders and send all with the escrow agreement to the American National Bank at Sapulpa, They will send you a certificate showing the $800.00 held in escrow, pending approval to your title, whereupon I am to pay you the balance due, $3050.00 and receive the Deed. You will also, of course, send your Abstract either to the abstractor to be brought down to date and sent to the Bank to be delivered to me for examination, or send it direct to the Bank with instructions that they are to have it brought down to date at your expense, and that it is to be submitted to me for examination and approval."

"Yours very truly,"
"GOY:dh
"Enc."

Roller, by his letter of May 26, 1945, refused the previous offer of Young made by letter bearing date May 22, 1945, and therein offered to sell for $3,850, Young to get the oil lease money and agricultural rents for the year 1945. By reference in his offer to the arrangements or terms at the bank theretofore suggested by Young, Roller proposed to execute an Oklahoma form deed to his farm and send it and abstract to the American National Bank of Sapulpa with instructions to the bank that if Young did not put up $800 with a letter saying that he would pay $2,700 more when abstract was brought down and approved by him to return the deed.

Though Young said in his so-called letter of acceptance of May 28th that he accepted Roller's offer of May 26th, according to its terms, he enclosed a deed to the farm apparently fully filled in, as far as he intended, with instructions, we think, to Roller to sign it. The deed provided no exception or reservation as to the 60 acres of royalty that Roller did not own. Young also enclosed a draft for $800 with instructions to Roller to endorse it; he too included written orders respecting the lease money and rents and an escrow agreement, signed by him which constitutes an agreement to sell on the terms therein set forth, which he directed Roller to sign. All these instruments, according to his instructions, were to be sent to the designated bank.

Between May 28, and June 4, 1945, Young visited the Maysville community for the purpose of looking after a broomcorn shed which he was building on his own place just east of the Roller farm. On this visit he learned that considerable oil excitement had been caused by the drilling of a well near Antioch and after failing to see Roller personally he filed some kind of instrument in the county clerk's office at Pauls Valley, "to protect my interests." Thereafter, on June 9th, he wrote a long letter to Roller, the burden of which was complaints at Roller's failure to answer letters and Roller's failure to be available for a personal interview at the time of Young's visit to Maysville. In this letter he again asserts an acceptance by him of Roller's offer of May 28th, and again enclosed a deed with sight draft for Roller to execute and stated, "If there is anything wrong with the escrow agreement I sent or the deed, you will, of course, be free to change to suit your construction of our contract," thus showing that the full details of the contract which he claimed to have made had not been agreed upon.

We think it may be reasonably said, and the trial court must have so found, that Young intended to require Roller to execute the instruments included in his so-called letter of acceptance and that his instructions as to delivery thereof should be followed by Roller. This being true, his letter of acceptance was conditioned upon Roller's acceptance and execution and delivery of the instruments according to the instructions given. His letter of May 28th, therefore, constituted a counteroffer (15 O. S. 1941 §71). A counteroffer constitutes a rejection of the offer theretofore made by the other party to the transaction (15 O. S. 1941 §66; Fry v. Foster, 179 Okla. 398, 65 P. 2d 1224). Roller never accepted the counteroffer made by Young and there exists no contract between the parties to buy and sell.

The contention made by Young that the defendant by demanding deposit of the purchase price into court exercised rights under the contract which estop him from repudiating his obligations is untenable.

When Young filed this case he pleaded readiness, willingness, and ability to pay the price fixed by Roller, and tendered $3,850 into court. Upon formal demand of Roller that he pay same into court, he without court order, deposited the money with the clerk of the court. When judgment was entered herein denying him relief, an order was made releasing the deposited money to Young and he drew the money down. It is obvious, therefore, that Roller never has received any of the benefits of the judgment in his favor or any benefit from the money deposited. Young tendered and kept his tender good by depositing the money, but was not thereby hurt by the deposit thereof. The necessary elements of estoppel do not exist in this connection.

The judgment of the trial court denying specific performance in this case is not clearly against the weight of the evidence, should be, and is affirmed.

HURST, C. J., DAVISON, V. C. J., and RILEY, CORN, and LUTTRELL, JJ., concur. WELCH, J., dissents.