JOHNSON, V. C. J., and WELCH, CORN, and BLACKBIRD, JJ., concur.

HALLEY, C. J., and ARNOLD, O'NEAL, and WILLIAMS, JJ., dissent.

**TIFFANY v. ROTHSCHILD et al.**

No. 35101.

Supreme Court of Oklahoma.

Feb. 24, 1953.

Rehearing Denied June 17, 1953.

Application for Leave to File Second Petition for Rehearing Denied June 30, 1953.

Wesley E. Disney, Joe B. Houston, Ger-
ald B. Klein, James P. Malone and B. W.
Griffith, of Tulsa, for plaintiff in error.

Paul Edwards, of Tulsa, for defendants
in error.

ARNOLD, Justice.

Plaintiff brought this action seeking specific performance of a contract to sell certain real estate owned in common by defendants. To her third amended petition, which is complete and a substitute for all previous petitions, defendants filed no motion to make more definite and certain but filed their separate demurrers. The court sustained defendants' separate demurrers; plaintiff refused to plead further and elected to stand on said petition. From the order sustaining the demurrers and dismissing the cause plaintiff appeals.

Plaintiff alleged that defendant Leo Rothschild by letter signed by him, for himself and as agent for Kurt and Irwin Spiegel (the name of the other co-owner Hedwig Rothschild, being omitted from the signature), under written authorization from his co-owners so to do, listed the property here involved with Clyde Jacobs and John Story and Associates, real estate agents, for sale on the following terms, to wit: an aggregate price of $85,000, purchaser to pay $33,890 in cash and to assume and pay in accordance with the terms thereof a certain mortgage on the property in the approximate balance of $51,100, no mention of any furnishings or fixtures situated in the apartment house on this property being made in the letter; that a copy of this letter is attached to her petition; that she cannot attach copy of the written authority from the other co-owners to Leo Rothschild because it is not in her possession; that she was procured as a buyer of this real estate by Jacobs and Story; that she delivered to O'Connor Realty Company, associate of Jacobs and Story, a written instrument signed by her denominated a contract for sale of real estate which provided that she would buy the property "together with all buildings, furnishings, equipment and accessories" for a cash price of $85,000, $2,750 to be deposited with O'Connor Realty Company as earnest money and the balance to be paid in cash upon delivery of title to her; that this written instrument was delivered to Rothschild by an employee of O'Connor Realty Company, one Sam Savage; that Rothschild accepted the instrument, gave a written receipt therefor, and stated orally to Savage that the contract was acceptable as written and that the property would be sold in accordance with the terms thereof; that Rothschild still retained said contract; that thereafter Rothschild wrote a letter to Prudential Insurance Company, the mortgagee, requesting delivery of the abstract to him; that several months later he wrote a letter to Tulsa Real Estate Company requesting them to deliver the abstract to Prudential, copies of all these instruments being attached to the petition; that in reliance upon Rothschild's statement to Savage that he had accepted her contract of purchase she sold income-producing property owned by her at a loss in order to procure the money to buy defendants' property; that defendants had knowledge that she was doing so; that defendants refused to convey their property to her; that they offered to convey if she would pay the additional sum of $2,500, which was required in the mortgage as consideration for the privilege of paying off the mortgage before due date, which she refused to do; that by reason of all the foregoing memoranda a contract in writing existed between the parties; and in the alternative pleads that defendants are estopped to deny that a valid contract was made or that the contract was signed, or to assert the statute of frauds. Plaintiff prays for specific performance of the contract of sale.

Plaintiff contends that a valid contract in writing signed by the parties and fully enforceable was entered into and that the writings and memoranda of the parties satisfied the Statute of Frauds. The letter listing the property with agents Jacob and Story purported to list it on behalf of only three of the four co-owners; it set forth in detail the exact terms upon which the listing was made: a cash payment and assumption of the mortgage upon the property. This was an offer to sell. Plaintiff did not accept this offer to sell; she made a counteroffer in the form of a written instrument containing substantially different terms: the price to be paid $2,750 as earnest money and the balance in cash upon delivery of title, title to be given her free and clear of all incumbrances, and the sales price of $85,000 to include the furnishings and equipment in

addition to the real property. The written offer to sell and plaintiff's written instrument delivered to Rothschild taken together do not make a valid contract, for they do not constitute an offer and an acceptance but an offer and a counter-offer. Plaintiff contends that even so Rothschild signed the counter-offer made by her on behalf of himself and his co-owners, under written authority from them so to do, and therefore her counter-offer became a binding contract. But she states that this contract is still retained by Rothschild.

Nor do the letters to Prudential or Tulsa Real Estate Company concerning the abstract, or the written receipt, constitute such memoranda when considered with the offer and counter-offer, as to satisfy the requirements of the Statute of Frauds. These letters did not pass between the parties nor were they so connected with each other as to constitute the entire evidence necessary to prove the contract. Davies v. Fullerton, 150 Okl. 99, 300 P. 650; nor do they designate the party in whose favor defendants are charged. Oakes v. Trumbo, 201 Okl. 102, 201 P.2d 916.

Plaintiff also contends that defendants by their conduct caused plaintiff to believe that a valid contract existed and that in reliance thereon she acted to her detriment by reason of which defendants are estopped to deny that a valid contract existed. Before there can be estoppel there must be a contract. A contract cannot be created by estoppel as contended by plaintiff; estoppel goes only to term of a contract theretofore existing. As shown above no contract was created; therefore there can be no estoppel. Nor does plaintiff allege the elements of equitable estoppel. See Fite v. Antwerp, 201 Okl. 26, 200 P.2d 439.

"In order to decree specific performance, the court must state the contract to be performed and find it valid and binding upon the party ordered to carry it out.

"When the court cannot decree specific performance, it cannot indirectly accomplish the same result under the doctrine of equitable estoppel." Bea-

verton Power Co. v. Wolverine Power Co., 245 Mich. 541, 222 N.W. 703.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.