Helen ANDERSON, Plaintiff in Error,

v.

Bill GARRISON, Defendant in Error.

No. 40797.

Supreme Court of Oklahoma.

May 4, 1965.

Ben Huey, Norman, for plaintiff in error.

William H. Mattoon, Norman, for defendant in error.

## HALLEY, Chief Justice.

This is an appeal from the District Court of Cleveland County, wherein the plaintiff in error, Helen Anderson (hereinafter referred to as plaintiff), brought an action for partition and accounting on November 1, 1962, against the defendants, Cora B. McAdoo, and her husband, C. C. McAdoo, and Charlie Davis (who are not parties to this appeal), alleging her ownership of an undivided one-third (⅓rd) interest in described real estate. Defendant in error, Bill Garrison (hereinafter referred to as intervenor), entered the action on December 5, 1962, by Motion for Leave to Intervene and Petition in Intervention, to enforce an alleged written contract for sale to him by plaintiff of her interest in the realty described in her petition, and deposited the alleged purchase price of $1,175 with the court clerk.

Thereafter, on January 7, 1963, the trial court entered its order permitting Bill Garrison to intervene by his Petition in Intervention; whereupon, plaintiff filed her verified Answer to Petition in Intervention on January 22, 1963, containing a general denial and an allegation of fraud. Intervenor replied to the answer of plaintiff on February 5, 1963, by way of a denial of fraud.

On April 9, 1963, after plaintiff had abandoned her second cause of action against the defendants, the matter proceeded to trial before the court without a jury on intervenor's petition and plaintiff's answer thereto. The case was taken under advisement, and on September 7, 1963, the trial court made written findings of fact and conclusions of law and rendered its judgment ordering and directing that plaintiff convey to intervenor an undivided one-third (⅓rd)

interest in the surface rights to the realty in controversy as prayed in intervenor's petition. Plaintiff appeals from the adverse judgment and as grounds for reversal assigns four specifications of error under the single proposition that the trial court erred in its conclusion that the letters and other written memorandum exchanged between plaintiff and intervenor constituted a valid and enforceable contract for the purchase and sale of the realty in controversy under our statute of frauds.

15 O.S.1961 § 136 provides:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed to the party to be charged, or by his agent:

* * * * * *

"5. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

"It is a general rule that parol evidence cannot be permitted to supply an omission of any essential element of the contract." Halsell et al. v. Renfrow et al., 14 Okl. 674, 78 P. 118, 122, 2 Ann.Cas. 286.

In that case this Court held that a contract for the sale of lands, binding under the statute of frauds, may be gathered from letters, writings, and telegrams between the parties relating to the subject-matter of the contract, and so connected with each other that they be fairly said to constitute one paper relating to the contract. That in order to be sufficient, the letters, telegrams, and writings relied upon must, by reference to each other, disclose every material part of a valid contract. They must set out the parties, the subject-matter, the price, the description, terms and conditions, and leave nothing to parol.

It is clear that a decision of this case requires a careful analysis of the correspondence between the plaintiff and the intervenor to determine if they constituted a valid and enforceable contract by applying the above stated tests. The letters between the parties are as follows:

"June 6, 1962

Dear Madam:

I would like to buy your place in Sec 1—10N—1W, if the price is right. Please let me know the least you will take by return mail.

Sincerely,

Bill Garrison
6501 Anderson Dr.
Ok. City 49, Ok."

■ This clearly was not an offer to purchase the described realty by intervenor, but only an invitation to plaintiff to negotiate. To this letter, the following reply was made by plaintiff:

"Portland. Oregon          Sept 7th 1962
MR BILL GARRISON
6501 Anderson Dr
Oklahoma City. Oklahoma;

In Your Letter of the 6/ of June 19621 You wanted to buy my ⅓ undevided int in the SE ¼ of Sec 1 T 10 N Range 1 W Cleveland County Okla.

I have an offer for my Surface rights which is all I will sell, I intend to k ep the mineral and Oil and Gas rights.

But if you want the surface rights for $1250.00 Cash you can have it but let me know imediately as I have a Offer but I wont take it and we are negociating now.

Resp (signature)

Helen Anderson
6011 SE Powell Blvd.
Portland, 6Oregon"

■ This letter set forth in detail the exact terms upon which plaintiff would sell to intervenor: $1250 cash. It contained the name of the parties, the subject matter, the price, and the terms and conditions; and was therefore an offer to sell. Tiffany v. Rothschild et al., Okl., 258 P.2d 629. Intervenor made no written acceptance of the offer. However, he testified at the trial of the matter that on September 13, 1962, he telephoned plaintiff "to confirm the sale" and to try "to get some mineral rights, if possible," and that during the conversation, plaintiff "stated that instead of letting me have any at all that she would take $1,200.00 and retain all her mineral rights herself, which offer, I accepted." That plaintiff asked "that I pay within thirty days and I asked that I be given sixty days in which to complete payment." That plaintiff "said that she would probably draw the deed herself but I preferred to do it myself." "I think she intended to do that herself."

■ It is obvious that the above telephone conversation between plaintiff and intervenor did not constitute a valid acceptance of plaintiff's offer of September 7, 1962, under our statute of frauds, supra. Halsell et al. v. Renfrow et al., supra; and Tiffany v. Rothschild et al., supra. The next letter between the parties was again written by plaintiff and was as follows:

"Portland Or Sept 17/62
M. Bill Garrison
I'll be proby 10 day—2 week late with the papers I (unintelligible) so far from several heart attack and I am very week soon as I am able I'll send them and you can pay $1175. Ill allow you $25.00 to pay for havg a title search

Rep

Helen Anderson"

■ Plaintiff's letter constituted a renewal or a continuation of her original offer. It made no change in the name of the parties, the subject matter, or the terms

and conditions of the sale, only the price. Intervenor made the following reply:

"Sept 20, 1962

Dear Mrs. Anderson,

I was glad to get your letter of the 17th but extremely sorry to hear of your heart attack.

Please don't exert yourself unduly, on my account, recover your health.

I am enclosing my check for $175.00, and I will have the other papers drawn up and sent to you tomorrow, so that you will not have to go out and about so much.

Thank you for allowing me the deduction for title search and a deed and draft for $1,000.00 will follow.

Sincerely,
Bill Garrison"

[10] Intervenor's letter and check for $175 and subsequent deed and sixty (60) day draft for $1,000 was not an unqualified acceptance of plaintiff's offer. The terms of the offer were $1,175 cash. Intervenor counter-offered $175 cash and a sixty (60) day draft for $1,000. Plaintiff, by her letter of September 17, 1962, proposed to draft "the papers", but intervenor caused a deed to be drawn and forwarded to plaintiff, apparently fully completed, for her acceptance and execution. Intervenor's qualified acceptance of plaintiff's offer did not effectuate a contract, but constituted a counter-offer by intervenor. Young v. Roller, 201 Okl. 99, 201 P.2d 793; Tiffany v. Rothschild et al., supra. Plaintiff made the following answer to intervenor's counter-offer:

"Portland. Oregon Sept 27 1962

MR. Bill Garrison
6501 Anderson Dr
Oklahoma City.

Dear sir;

I am returning your Check and Draft, I am not satisfied with the Deed you sent. When I am able to go over town and consult my attorney and have one mad out I will send it through the Bank, but it must have a clause in it to protect my Oil and gas rights, in event of * * * leans and Tax delenct.

I am not doing too good I have to take it easy for some time. We will work this out eventualy, just have patients. If I live.

Resp
Helen Anderson
(signature)
6011 SE Powell Blvd.
Portland Or"

■■ The trial court reached the conclusion in its written Findings of Fact and Conclusions of Law that plaintiff's letter of September 27, 1962, although rejecting intervenor's proposed deed, accepted intervenor's draft as a means of payment and thereby constituted plaintiff's acceptance in writing of intervenor's counter-offer and effectuated an enforceable contract between the parties for the purchase and sale of the realty in controversy. We cannot agree that plaintiff accepted intervenor's counter-offer by this letter. As we said in St. Louis Smelting & Refining Co. v. Nix, 101 Okl. 197, 224 P. 982, 985:

"In order that an offer and acceptance may result in a binding contract the acceptance must be absolute, unconditional, and identical with the terms of the offer. It must in every respect meet and correspond with the offer; and qualification of or departure from those terms invalidates the offer. * * *"

We think that plaintiff's acceptance and execution of the deed was as much a part and condition of intervenor's counter-offer as the acceptance of intervenor's draft as a means of payment. In a somewhat similar case of Young v. Roller, supra [201 Okl. 99, 201 P.2d 793, 796], we said:

"We think it may be reasonably said, and the trial court must have so found, that Young intended to require Roller

to execute the instruments included in his so-called letter of acceptance and that his instructions as to delivery thereof should be followed by Roller. This being true, his letter of acceptance was conditioned upon Roller's acceptance and execution and delivery of the instruments according to the instructions given. * * *"

Plaintiff's letter specifically rejected intervenor's deed by stating "I am not satisfied with the Deed you sent." And although she did not use this exact language in rejecting the draft as a means of payment, she rejected it just as effectively by returning the draft and check to intervenor by this same letter. "Actions sometimes speak louder than words" and these actions do not indicate plaintiff's acceptance of intervenor's counter-offer. Plaintiff's letter to intervenor of October 30, 1962, terminated further negotiations. Plaintiff never accepted the counter-offer made by intervenor and there exists no contract between the parties to buy and sell said realty.

Intervenor argues in his answer brief that plaintiff, by her verified answer, admitted the existence of a valid contract between the parties for the purchase and sale of the realty in controversy. We do not think intervenor is in a position to rely on such an argument here, because it appears to us, from our examination of the record, that the intervenor voluntarily tried the case as if he had such a burden.

Chrysler Corporation v. Walter E. Allen, Inc., Okl., 375 P.2d 878, 883, is in point here. In that case plaintiff assumed the burden in the trial court of proving the correctness of an account and then, on appeal, claimed that the pleadings relieved it of that burden. There we held plaintiff could not rely on such an argument in this Court and quoted from Gillman v. Pape, (Mo.App.) 132 S.W. 2d 1052, 1054, as follows:

" 'It has been held so often by this and other appellate courts that the parties are bound in the appellate court by the theory on which the case was tried below, that citation of cases is scarcely necessary. It is almost equally as well settled that one may not complain of the trial of an issue outside the pleading if he voluntarily tries the case on the theory that such an issue is in the case. (Citing cases).' "

The judgment of the trial court is reversed and remanded with directions to enter judgment for plaintiff against intervenor in conformity with the above views.

BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.

JACKSON, V. C. J., and DAVISON and WILLIAMS, JJ., concur in result.