**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DOUGLAS EUGENE ROARK,

      Plaintiff-Appellant,

v.

PAUL HOLLENBECK; BEN
GRIEGO,

      Defendants-Appellees.

No. 99-1140
(D.C. No. 98-Z-364)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff filed an action against defendants, pursuant to 42 U.S.C. § 1983, alleging violation of his Eighth Amendment rights. Plaintiff complains that defendants refused to take adequate precautions to ensure his safety while in prison. The district court dismissed the complaint as failing to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Because the sufficiency of a complaint is a question of law, we review the Rule 12(b)(6) dismissal *de novo*. *See GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997). We affirm in part and reverse and remand in part.

Defendants argue that plaintiff has waived appellate review of his claims under this court's "firm waiver rule" because he failed to object to the magistrate judge's recommendation within ten days. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The district court's *de novo* review of the magistrate's recommendation "does not, standing alone, preclude application of the waiver rule." *Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999). We will not apply the waiver rule, however, "where the interests of justice so require." *Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1268 (10th Cir. 1999). We conclude that the interests of justice require us to make an exception to the firm waiver rule in this case. Two circumstances lead us to this conclusion. First, as we hold below, one of plaintiff's claim's has merit. *See id.* (considering whether

plaintiff's claims have merit in determining whether interests of justice dictate making exception to firm waiver rule).  Second, despite the fact that plaintiff filed his specific objections a few days late, the district court expressly considered them in reviewing, and ultimately adopting, the magistrate judge's report and recommendation.  *Cf. United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996) (finding that ends of justice did not require exception to waiver rule because policies behind rule would not be advanced where objection to magistrate's report was not specific and so district court was not informed of specific issues in its *de novo* review).

Dismissal of a complaint under Rule 12(b)(6) is proper only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quotation omitted).  In reviewing the sufficiency of plaintiff's complaint, we take all factual allegations as true and construe them in the light most favorable to plaintiff.  *Id.*

Guided by these standards, we agree with the district court that plaintiff's complaint failed to state a claim upon which relief could be granted against defendant Griego.  The district court properly found that plaintiff's claims against Mr. Griego were based on a supervisor liability theory.  To state such a claim, plaintiff must establish an affirmative link between the alleged constitutional

-3-

violation and Mr. Griego's "personal participation, his exercise of control or direction, or his failure to supervise." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (quotation omitted); *see also Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994). Like the district court, we find nothing in the complaint or amended complaint that would support such a conclusion. Dismissal of the claims against Mr. Griego pursuant to Fed. R. Civ. P. 12(b)(6) was proper.

We also agree with the district court that the letters attached to the complaint indicate that plaintiff was transferred back to the Colorado prison system at least partially at his own request, thereby negating any claim he might urge against defendant Hollenbeck for exercising deliberate indifference in bringing him back to the Colorado prison system. The fact and content of the correspondence between plaintiff and Mr. Hollenbeck discussing the possible transfer shows that, contrary to plaintiff's assertions, Mr. Hollenbeck was concerned with plaintiff's well-being and that, far from being deliberately indifferent to the situation, he was responsive to plaintiff's concerns.

We cannot say, however, that based on the allegations in the complaint and amended complaint, plaintiff can prove no set of facts in support of his claim against defendant Hollenbeck for deliberate indifference to plaintiff's safety once he was back in Colorado. When plaintiff was in Wyoming he had an alias, but when he was transferred to Colorado, the alias was removed. Plaintiff

-4-

encountered inmates in Colorado he had known in Wyoming, and plaintiff states that he complained to Mr. Hollenbeck on several occasions that he feared for his safety at the hands of those inmates. Plaintiff alleges that he received no responses to his pleas and no precautions were taken for his safety. He specifically alleges that when his case managers contacted Mr. Hollenbeck to discuss concerns regarding plaintiff's safety, Mr. Hollenbeck told the case managers that he did not care what happened to plaintiff. *See* District Court R., File #1, Amended Complaint at 3-E, 3-F. Plaintiff maintains that as a result of Mr. Hollenbeck's deliberate indifference to the substantial risk of harm posed by other prisoners, he was assaulted and raped several times after his return to Colorado. These allegations are sufficient to state a claim against Mr. Hollenbeck for deliberate indifference to plaintiff's safety once he was back in Colorado.[1] *See Farmer v. Brennan*, 511 U.S. 825, 833, 847 (1994) (affirming that prison officials have duty to protect prisoners from violence by other prisoners and holding that a prison official must know of, and fail to take reasonable measures to abate, a substantial risk of serious harm).

Accordingly, we AFFIRM the district court's dismissal of plaintiff's claims against defendant Griego. We also AFFIRM the dismissal of claims against defendant Hollenbeck relating to plaintiff's transfer from the Wyoming prison

---

[1] We neither review nor comment on the merits of plaintiff's claims.

system. Finally, we REVERSE the Rule 12(b)(6) dismissal of plaintiff's claims that defendant Hollenbeck violated his constitutional rights by exhibiting deliberate indifference to a substantial risk of harm once plaintiff was back in the Colorado prison system. We REMAND this case to the district court for further proceedings consistent with this opinion.

Entered for the Court


David M. Ebel
Circuit Judge