### AIRPORT SYSTEMS INTERNATIONAL, INC. and Elecsys Corporation, Plaintiffs,

v.

### AIRSYS ATM, INC., Defendant.

### Civil Action No. 00–2171–KHV.

United States District Court,
D. Kansas.

May 30, 2001.

Floyd R. Finch, Jr., Shelley A. Runion, Christopher P. Gramling, Blackwell Sanders Peper Martin LLP, Kansas City, MO, for Airport Systems International, Inc.

Floyd R. Finch, Jr., Brian D. Martin, Blackwell Sanders Peper Martin LLP, Kansas City, MO, for Elecsys Corporation.

Jason S. Dalen, Bryan Cave LLP, Kansas City, MO, John M. Edgar, David W. Edgar, Humphrey, Farrington & McClain Independence, MO, for Airsys Atm Inc.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Elecsys Corporation (f/k/a Airport Systems International, Inc.)[1] filed suit against

---

1. On November 1, 2000, Airport Systems International, Inc. changed its name to Elecsys

AIRSYS ATM, Inc., alleging that defendant improperly obtained and used plaintiff's trade secrets and confidential business information. This matter is before the Court on defendant's Motion To Dismiss Plaintiff's State Law Claim Of Unfair Competition In Count 1 Of Plaintiff's Complaint (Doc. # 55) filed February 20, 2001. For reasons set forth below, defendant's motion is overruled.

## Standards For Motion To Dismiss For Failure To State A Claim

A Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. See *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). The issue in reviewing the sufficiency of plaintiff's complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support its claims. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

## Factual Background

Plaintiff's amended complaint may be summarized as follows:[2]

Elecsys Corporation ("Elecsys") and AIRSYS ATM, Inc. ("AIRSYS") are competitors in the field of aircraft navigational aids and instrument landing systems. Before navigational equipment may be utilized in U.S. airport facilities, it must be approved by the Federal Aviation Administration ("FAA"). Moreover, FAA approval is an internationally recognized seal of approval of system quality. By law, the process by which a manufacturer submits equipment for FAA approval is strictly confidential.

In 1999, AIRSYS improperly obtained Elecsys trade secrets and confidential business information relating to FAA approval of plaintiff's products. AIRSYS altered some of those documents to misrepresent the FAA position on plaintiff's products. It provided the altered documents to potential customers, and falsely told them that some of plaintiff's products were inferior and were not FAA-approved.

Plaintiff asserts claims for violations of the Lanham Act, 15 U.S.C. § 1125, and the Kansas Uniform Trade Secrets Act ("KUTSA"), K.S.A. § 60–3320 et seq., as well as state common law claims for unfair competition and tortious interference with a prospective business relationship. In its motion to dismiss, AIRSYS argues that plaintiff has not stated a claim for unfair competition under Kansas common law.

## Analysis

Defendant argues that plaintiff has not stated a claim for unfair competition under Kansas law because such claims are restricted to the wrongful use of intellectual property. Relying on Sections 1 and 40 of

Corporation. Both companies are identified as plaintiffs in this action. The Court will refer to plaintiff in the singular as Elecys.

**2.** At the time defendant filed its motion to dismiss, plaintiffs had not filed their amended

complaint. Because plaintiffs' amended complaint simply adds Elecsys Corporation as a plaintiff, the Court will consider defendants' arguments with regard to the amended complaint.

the Restatement (Third) of Unfair Competition (1995),[3] plaintiff argues that the concept of unfair competition under Kansas law is broad and includes misappropriation and misuse of trade secrets and other confidential business information.

■ In May 1993, the American Law Institute ("ALI") adopted and promulgated the Restatement of Unfair Competition. Neither the Kansas Supreme Court nor the Kansas Court of Appeals has expressed an opinion, however, whether Kansas would adopt the Restatement. Before the ALI promulgated the Restatement (Third) of Unfair Competition, however, the Kansas Supreme Court approved Section 757 of the Restatement of Torts (1939), which was the basis for many of the sections of the Restatement (Third) of Unfair Competition. See *Koch Eng'g Co., Inc. v. Faulconer*, 227 Kan. 813, 610 P.2d 1094 (1980); *Mann v. Tatge Chem. Co.*, 201 Kan. 326, 440 P.2d 640 (1968); Restatement (Third) of Unfair Competition, Parallel Table (sections 39–45 of Restatement of Unfair Competition derived from § 757 of the Restatement of Torts (1939)). The Court therefore predicts that the Kansas Supreme Court would apply the general principles outlined in the Restatement (Third) of Unfair Competition and allow an unfair competition claim based on misuse of trade secrets and other confidential business information.

■ In *Koch*, the Kansas Supreme Court affirmed an injunction which prohibited plaintiff's former employee from using certain trade secrets. See id., 227 Kan. at 826–29, 610 P.2d at 1104–05. *Koch* was an action to enjoin "unfair competition arising by reason of the unauthorized use of a trade secret." Id., 227 Kan. at 826, 610 P.2d at 1104. In this case, plaintiff also bases its claim for unfair competition on defendant's improper use of trade secrets and other confidential business information. Nothing in *Koch* suggests that claims for unfair competition are limited to the intellectual property arena, i.e. patents, copyrights and trademarks. Many other courts have recognized the broad scope of the tort of unfair competition. See *Al–Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1331 (Fed.Cir.1999) ("Unfair competition provides an additional degree of protection above that provided by trademark and trade dress law."); *Freedom Savings & Loan Ass'n v. Way*, 757 F.2d 1176, 1186 (11th Cir.) (same), cert. denied, 474 U.S. 845, 106 S.Ct. 134, 88 L.Ed.2d 110 (1985); *Benard Indus., Inc. v. Bayer Aktiengesellschaft*, 38 U.S.P.Q.2d 1422, 1424 (S.D.Fla.1996) (unfair competition claim based in part on misleading and false advertising); *Trimed, Inc. v. Sherwood Med. Co.*, 772 F.Supp. 879, 883–84 (D.Md.1991) (interference with contracts, disparagement to customers, restricting price shipments and selected price cutting may constitute unfair competition); see also 1 J. Thomas McCarthy, McCarthy On Trademarks And Unfair Competition § 1:10 at 1–26 (rev. ed.1999) (listing examples of unfair competition which do not involve intellectual property and noting that "there are many rooms in the house of unfair competition law"); W. Page Keeton et al., Prosser & Keeton on The Law of Torts, § 130 at 1013 (5th ed. 1984) ("Unfair competition is now a generic name for a number of

---

**3.** Section 1 provides in part:
   One who causes harm to the commercial relations of another by engaging in a business or trade is not subject to liability to the other for such harm unless:
   (a) the harm results from ... acts or practices of the actor determined to be action-

able as an unfair method of competition, taking into account the nature of the conduct and its likely effect on both the person seeking relief and the public....
Section 40 provides that one is subject to liability for misappropriation of another's trade secret.

related torts involving improper interference with business prospects."). "Unfair competition thus does not describe a single course of conduct or a tort with a specific number of elements; it instead describes a general category into which a number of new torts may be placed when recognized by the courts. The category is open-ended, and nameless forms of unfair competition may be recognized at any time for the protection of commercial values." Id. at 1015.

Defendant does not distinguish *Koch*, but relies on *Wichita Clinic v. Columbia/HCA Healthcare Corp.*, 45 F.Supp.2d 1164 (D.Kan.1999). In Wichita Clinic, plaintiffs alleged that defendants had engaged in unfair competition by wrongfully using trade secret information. See *id.* at 1199. The Honorable J. Thomas Marten granted summary judgment in favor of defendants, noting:

> There is no allegation that the defendants wrongfully appropriated proprietary matters, such as a trademark belonging to the Clinic. Recent Kansas cases discussing the tort of unfair competition have all involved claims of misuse of intellectual property. The court concludes that Kansas would not apply its tort of unfair competition under the present facts.

*Id.* at 1199 (footnote omitted). Judge Marten rejected the reasoning of *Koch*:

> *Koch* cannot support a denial of summary judgment in the present action. That action was for injunctive relief only, and occurred prior to the adoption of the Uniform Trade Secrets Act

(K.S.A.60–3320) in Kansas. Thus, the decision provides no support for concluding that a claim for damages due to unfair competition can be predicated on an action other than the illegal use of intellectual property.

*Id.* at 1199–1200. With all deference to Judge Marten, this Court cannot distinguish *Koch* on these grounds. As explained above, the Kansas Supreme Court in Koch affirmed an injunction which prohibited plaintiff's former employee from using certain trade secrets. See *Koch*, 227 Kan. at 826–29, 610 P.2d at 1104–05. Nothing in *Koch* suggests that an unfair competition claim for money damages based on misappropriation of trade secrets, instead of injunctive relief, is improper. Indeed, before *Koch*, the Kansas Supreme Court had permitted claims for money damages based on misappropriation of trade secrets. See *Mann*, supra. Furthermore, passage of the KUTSA does not seriously undermine the reasoning of *Koch*. While the KUTSA is possibly relevant to the issue of preemption,[4] Koch addresses a common law remedy for misuse of trade secrets. The KUTSA merely reflects a legislative judgment that a statutory remedy is also necessary. Mere passage of the KUTSA does not show that the legislature intended to displace all common law remedies for misappropriation of trade secrets or other confidential business information.

Defendant also relies on *Altrutech, Inc. v. Hooper Holmes, Inc.*, No. 96–2091–GTV, 1998 WL 398231 (D.Kan. Jan.26,

---

4. To the extent that plaintiff's unfair competition claim seeks damages for improper use of "trade secrets," plaintiff's claim may be precluded by the KUTSA. Defendant does not argue this point, but the KUTSA explicitly preempts "conflicting tort, restitutionary and other law of [the State of Kansas] providing civil remedies for misappropriation of a trade secret." K.S.A. § 60–3326(a). Because de-

fendant has not raised the issue, however, the Court need not address it. See generally Robert Unikel, Bridging The "Trade Secret" Gap: Protecting "Confidential Information" Not Rising To The Level Of Trade Secrets, 29 Loy. U. Chi. L.J. 841, 885–89 (1998) (discussing three different views of the scope of the UTSA preemption provision).

1998). In *Altrutech*, plaintiff, a paramedical company, alleged that defendants had committed a breach of contract by terminating plaintiff's management agreement for undisclosed breaches of confidentiality. Plaintiff also alleged that shortly before it was terminated, defendants falsely told plaintiff's employees, contractors and clients that plaintiff was about to go out of business and likely would be unable to offer proper service. See *id.* at *1. Judge VanBebber dismissed plaintiff's unfair competition claim, reasoning:

> The Kansas Supreme Court has never recognized the tort of unfair competition outside the realm of intellectual property law. Moreover, the comment to Restatement (Third) of Unfair Competition states that "[i]ntentional interference with another's commercial relations by means other than the actor's participation in the market is not within the scope of [the common law tort of unfair competition.]" The court declines to expand the scope of this tort by allowing plaintiff's claim to go forward.

*Id.* at *3. *Altrutech* did not cite *Koch*, which seems to allow claims for unfair competition based on misappropriation of trade secrets and other confidential business information—areas not covered by traditional intellectual property law. Moreover, *Altrutech* is distinguishable because trade secrets were not involved in that case. Indeed, *Altrutech* cites Section 1 of the Restatement (Third) of Unfair Competition, which provides that the tort of unfair competition is available for misappropriation of "trade secrets" or for "other acts or practices determined to be actionable as an unfair method of competition." Restatement § 1(a). Based on this broad language and the reasoning of *Koch*, the Court concludes that plaintiff has stated a claim for unfair competition. See *Brooks Fiber Communications of Tucson, Inc. v. GST Tucson Lightwave, Inc.*, 992 F.Supp. 1124, 1131 (D.Ariz.1997) (based on Restatement, finding that Arizona would not restrict unfair competition claims narrowly to trademark and trade secret protection).

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss Plaintiff's State Law Claim Of Unfair Competition In Count 1 Of Plaintiff's Complaint (Doc. # 55) filed February 20, 2001. be and hereby is **OVERRULED**.