**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**August 23, 2007**

**FOR THE TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

ANSELMO A. CHAVEZ,

      Plaintiff-Appellant,

v.

WILLIAM B. RICHARDSON,

      Defendant-Appellee.

No. 07-2078
(D.C. No. CIV-06-1225 BB/RHS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Anselmo A. Chavez, appearing pro se, appeals the district court's dismissal of his complaint for lack of jurisdiction. We have jurisdiction to consider his appeal under 28 U.S.C. § 1291 and we affirm.

Mr. Chavez's claim relates to the Democratic primary election for the office of governor in New Mexico, which was held in June 2006. Defendant

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Richardson won the Democratic nomination in that election and also won the general election in November 2006. Mr. Chavez was a write-in candidate in the Democratic primary. He claims that, under New Mexico law, Mr. Richardson was not an eligible candidate in the primary because he signed his name on certain election-related forms as "Bill Richardson" rather than his full name of "William Blaine Richardson."

Mr. Chavez filed a pro se complaint in district court on December 15, 2006, seeking to set aside the Democratic primary nomination and the general election of Mr. Richardson, and asking that Mr. Chavez be named the winner of both elections. Alternatively, he sought an award of $440,000, which he claimed was equal to the New Mexico governor's compensation for four years. The district court issued an order to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. Mr. Chavez responded, asserting that jurisdiction was proper under 28 U.S.C. § 1331 because his complaint raised federal questions.

The district court dismissed the action, finding no jurisdiction under § 1331 and also concluding that it lacked jurisdiction based on the *Rooker-Feldman*[1] doctrine, under which lower federal courts do not have jurisdiction to review "cases brought by state-court losers complaining of injuries caused by state-court

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983).

judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments." *Exxon Mobil Corp. v.*

*Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In holding *Rooker-Feldman*

applicable in this case, the district court found that Mr. Chavez had filed the same

claim in New Mexico state court. His state-court complaint was dismissed, and

the dismissal was affirmed on appeal by the New Mexico Supreme Court, before

he filed his federal-court complaint. The district court concluded that Mr. Chavez

sought, in his federal-court action, to overturn the New Mexico state-court

rulings, and therefore the district court did not have jurisdiction. Mr. Chavez

filed a timely appeal.

We review a district court's dismissal of a complaint for lack of

subject-matter jurisdiction de novo. *Mann v. Boatright*, 477 F.3d 1140, 1145

(10th Cir. 2007). In his appeal brief, Mr. Chavez first argues the merits of his

claim and then he repeats one of the bases for federal-question jurisdiction under

§ 1331 that he asserted in the district court. But he does not address the district

court's alternative ground for dismissal based on the *Rooker-Feldman* doctrine.

Mr. Chavez has therefore waived his right to appeal that issue. *See State Farm*

*Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (holding issue

waived by appellant's failure to raise it in opening brief). Moreover, we need not

address the remaining arguments Mr. Chavez makes on appeal because that issue,

standing alone, was sufficient to divest the district court of jurisdiction. *See*

*Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877 (10th Cir. 2004) (applying waiver and upholding summary judgment on one of district court's alternative grounds which appellant failed to appeal); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1387-88 (10th Cir. 1997) (same).[2]

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2] Even if Mr. Chavez had not waived his appeal of the district court's dismissal based on the *Rooker-Feldman* doctrine, we would affirm, finding no error in the district court's ruling on that issue.