**AMERICAN MAPLAN CORPORATION,**
Plaintiff,

v.

**Peter HEILMAYR, Defendants.**

No. 00–2512–JWL.

United States District Court,
D. Kansas.

Jan. 15, 2002.

Randall E. Hendricks, Matthew T. Geiger, Rouse Hendricks German May PC, Kansas City, MO, for plaintiff.

G. Gordon Atcheson, Blake & Uhlig, P.A., Kansas City, KS, Rod Tanner, Rod Tanner & Associates, P.C., Fort Worth, TX, for defendants.

## MEMORANDUM & ORDER

LUNGSTRUM, Chief Judge.

Defendant Peter Heilmayr is the former president of plaintiff American Maplan Corporation ("AMC"). AMC seeks damages and equitable relief from defendant based upon defendant's alleged violation of a covenant not to compete, his alleged violation of a non-disclosure covenant and his alleged wrongful solicitation and diversion of AMC's customers. In October 2001, this court denied in part and retained under advisement in part defendant Peter Heilmayr's motion for summary judgment on plaintiff's breach of contract claims. *See American Maplan Corp. v. Heilmayr*, 165 F.Supp.2d 1247 (D.Kan. Oct.18, 2001). Specifically, the court denied the motion with respect to plaintiff's claim for breach of the covenant not to compete and retained the motion under advisement with respect to plaintiff's claim for breach of the non-disclosure covenant.

This matter is presently before the court on defendant's motion for reconsideration (doc. # 69) of the court's order and plaintiff's motion to strike the affidavit of Horst Eigruber (doc. # 80). Defendant seeks reconsideration of the court's order only as it pertains to plaintiff's claim for breach of the covenant not to compete. Defendant also requests oral argument. As set forth more fully below, defendant's request for oral argument and motion for reconsideration are denied and plaintiff's motion to strike is granted.

*Background*

The written employment contract executed by the parties in this case contained a covenant not to compete, found in Section IX of the contract. That section states, in its entirety, as follows:

Employee agrees during the term of this Agreement and for a period of two (2) consecutive years immediately following the termination of this Agreement or his employment, whichever occurs later, and regardless of the cause of termination, he will not for himself or on behalf of any person, firm, partnership or corporation engage in the business of Employer and [sic] Employer's trade area. Said trade area being North America, South America, Central America and/or any island within a hundred miles thereof.

Employee agrees that he will not directly or indirectly, for himself or on behalf or [sic] in conjunction with any other person,

firm, partnership or corporation, solicit or attempt to solicit the business or patronage of any person, firm, partnership or corporation within Employer's trade area for the purpose of conducting business similar to Employers [sic]. Employee shall not perform such other incidental business or services as company now engages in.

In the event that Employee is terminated and employer desires to prevent employee from seeking other employment, employer may in its sole discretion continue to pay Employee during the remaining term of this contract or for a period of two (2) years thereafter. In the event that employer shall elect not to make the payments as provided herein, then Employee shall be free to seek other employment.

It is undisputed that plaintiff made no salary payments or other payments to defendant after the termination of the employment contract on December 31, 1998.

In his motion for summary judgment, defendant asserted that summary judgment was appropriate on plaintiff's claim for breach of the covenant not to compete because the third paragraph of Section IX unambiguously requires plaintiff to continue paying defendant's salary for two years as a "condition necessary to the enforcement of the covenant not to compete." Thus, according to defendant, as it is undisputed that plaintiff did not pay defendant as required by Section IX, the covenant "never went into effect." In response to the motion for summary judgment, plaintiff agreed with defendant that the contract is unambiguous but maintained that defendant's construction of the contract was incorrect. According to plaintiff, Section IX clearly and unambiguously permits plaintiff to enforce the covenant not to compete without any additional payments so long as the contract between the parties simply expires.

While the court agreed with the parties that the third paragraph concerning additional payments is unambiguous, the court concluded that the only way in which the third paragraph is consistent with the first paragraph (and, thus, the only way in which the third paragraph is unambiguous) is if the paragraph is read to require additional payments only when plaintiff desires to prevent defendant from working altogether. According to the court's construction, then, while the first and second paragraphs prohibit defendant from competing with plaintiff, the third paragraph prohibits defendant from working anywhere at all (not just in competition with plaintiff). The court then denied summary judgment as the third paragraph is not applicable to this dispute.

*Discussion*

■ Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *See GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1386 (10th Cir.1997); *Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997). In exercising that discretion, courts in general have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Johnson v. Unified Government of Wyandotte County/Kansas City, Kansas,* No. 99–2407–JWL, 2001 WL 699049, at *1 (D.Kan. June 15, 2001); D. Kan. R. 7.3(b) (listing three bases for reconsideration of order). Defendant contends that the court committed clear error in denying his motion for summary judgment with respect to plaintiff's claim for breach of the covenant not to compete and in interpreting Section IX of the contract the way that it did. Having reviewed the parties' papers on the motion to reconsider as well as its previous order denying sum-

mary judgment, the court does not believe that oral argument would be helpful and is firmly convinced that its ruling (and its interpretation of Section IX) is correct. Defendant's motion is denied.

 In his motion for reconsideration, defendant first contends that the court's interpretation of the contract contravenes Kansas law in several respects. Defendant, for example, criticizes the court's ruling because Kansas law "disfavors" covenants not to compete in the employment context. Defendant directs the court to only one case in support of his suggestion that Kansas "disfavors" such covenants, *H & R Block, Inc. v. Lovelace*, 208 Kan. 538, 493 P.2d 205 (1972), and ignores the abundance of Kansas cases enforcing reasonable covenants in the employment context. *See, e.g., Weber v. Tillman*, 259 Kan. 457, 913 P.2d 84 (1996). Defendant also suggests that the court's decision conflicts with Kansas law because such covenants "are to be construed against employers" and the court's decision clearly favors AMC. That rule of construction, however, applies only if an ambiguity exists in the contract. *See id.* at 476, 913 P.2d 84. Here, of course, the court concluded that the contract was unambiguous. Defendant next contends that the court's interpretation of Section IX contravenes Kansas law regarding restrictive covenants because it causes the second paragraph of Section IX "to be without time limitation." Specifically, defendant suggests that the two-year time limitation found in the third paragraph was intended to apply to the second paragraph as well.[1] According to defendant, the court's construction of the third

paragraph destroys the link between the second and third paragraphs and leaves the second paragraph without a time limitation. As an initial matter, defendant did not move for summary judgment on the enforceability of the covenant in terms of reasonableness. That issue was simply not presented to the court at the summary judgment stage and was not relevant to the court's construction of the contract. In any event, as the court noted in its October order, under the court's construction of section IX "the first and second paragraphs prohibit defendant from competing with plaintiff, [while] the third paragraph prohibits defendant from working anywhere at all." In other words, the second paragraph clearly supplements the first paragraph and, logically, the two-year time limitation found in the first paragraph would apply to the second paragraph as well.

 Defendant also challenges the court's order as the court's interpretation of the covenant not to compete "went beyond even what AMC argued." Of course, just as the fact the parties differ as to what the contract unambiguously states does not force a finding of ambiguity, it does not force the court to adopt any party's view as to what the contract unambiguously states. *See TMG Life Ins. Co. v. Ashner*, 21 Kan.App.2d 234, 242–43, 898 P.2d 1145 (1995).[2] In a related vein, defendant argues that AMC never intended the covenant not to compete to operate as the court interpreted it. In support of his argument, defendant attaches the affidavit of Horst Eigruber, the president of AMC

---

1. The logic of this particular reading of section IX escapes the court. The second paragraph addresses solicitation of other persons or businesses for the purpose of conducting business similar to plaintiff's business while the third paragraph addresses plaintiff's ability to seek "other employment."

2. Even if the court were to adopt one party's interpretation, it would most certainly adopt that of plaintiff-an interpretation which is far more logical than the one proffered by defendant.

at the time the parties entered into the employment contract. Plaintiff moves to strike the affidavit as it constitutes extrinsic evidence which has no bearing on the court's construction of an unambiguous contract. The motion to strike is granted on that basis. *Simon v. National Farmers Org., Inc.,* 250 Kan. 676, 679–80, 829 P.2d 884 (1992) (Where a contract is complete and unambiguous on its face, the court must determine the parties' intent from the four corners of the document, without regard to extrinsic or parol evidence.).[3]

Finally, defendant contends that the court's interpretation of the covenant-and the idea that plaintiff would choose to pay defendant to do nothing-is simply "absurd" and "defies common sense." As plaintiff highlights in its papers, however, the court's interpretation is a logical one-it would allow plaintiff to prevent defendant from working in a related business or field in which plaintiff was not yet a direct participant but in which plaintiff planned to participate. The court sees nothing "absurd" or "baffling" about such an interpretation and, upon reconsideration, concludes that it is, in fact, defendant's proposed interpretation that is utterly illogical. Indeed, the notion that plaintiff would have to pay defendant his fully salary simply to prevent him from competing is inconsistent with the first paragraph of Section IX-a paragraph that clearly prohibits competition with plaintiff for a period of two years without regard to additional payments-and flies in the face of the virtually universal practice with regard to covenants not to compete in general. Defendant's motion, then, is denied on this basis as well.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. # 69) is **denied** and plaintiff's motion to strike the affidavit of Horst Eigruber (doc. # 80) is **granted.**

---

3. Defendant asserts that the motion to strike should be denied as plaintiff has also referred the court to extrinsic evidence in the form of Dr. Heilmayr's deposition testimony. To the extent plaintiff has offered extrinsic evidence, the court has not considered it.