FILED
United States Court of Appeals
Tenth Circuit

November 29, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANIEL LEE LARSON,

      Plaintiff - Appellant,

v.

MICHAEL AGOS, Deputy Sheriff of
Arapahoe County, Colorado, in his
official and individual capacity;
HANS GROSS, Deputy Sheriff of
Arapahoe County, Colorado, in his
official and individual capacity;
ARAPAHOE COUNTY, a county, by
and through the Arapahoe County
Board of County Commissioners,

      Defendants - Appellees.

No. 11-1333

(D. Colorado)

(D.C. No. 1:11-CV-00986-CMA-CBS)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff and appellant Daniel Larson appeals the dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. For the following reasons, we affirm the district court's decision.

## BACKGROUND

Mr. Larson is a Weld County, Colorado Sheriff's Deputy. Tina Henson is his aunt. Ms. Henson had previously resided with Michael Suchan at Mr. Suchan's residence, where she and Mr. Suchan had shared a volatile relationship. Their relationship apparently ended, but Ms. Henson had left some personal items at Mr. Suchan's residence. After Ms. Henson tried on one occasion to retrieve her personal items, she sought the help of her nephew, Mr. Larson. Accordingly, on May 8, 2009, Mr. Larson and Ms. Henson went to Mr. Suchan's place unannounced, and, upon finding the front door unlocked and believing that Mr. Suchan was not at home, Ms. Henson entered the residence and started up the stairs to the second floor. At that point, Mr. Suchan emerged from an upstairs room and began to yell at Ms. Henson. Mr. Larson then entered the house and confronted Mr. Suchan. Mr. Larson called 911 and defendants Michael Agos and Hans Gross, both Deputy Sheriffs of Arapahoe County, Colorado, were among those who responded to the 911 call.

Over the following four hours, Mr. Larson, Ms. Henson and Mr. Suchan were interviewed by the Arapahoe County deputies. Mr. Larson argued that he could not be arrested for criminal trespass, inasmuch as he claimed Ms. Henson was a resident of Mr. Suchan's house and that both she and Mr. Larson had a right to be on the premises. The deputies on the scene contacted a deputy district attorney, who evidently told them that there was probable cause to charge Mr. Larson with criminal trespass and that they could use their discretion to decide whether to take him into custody. The deputies then informed Mr. Larson that he was being arrested for criminal trespass, and when he protested this, Mr. Larson was told that he was being arrested "because of politics." The criminal trespass charges were later dismissed, for reasons unclear.

Mr. Larson ultimately filed this complaint in Colorado federal district court on April 13, 2011, seeking monetary damages under 42 U.S.C. § 1983, claiming his Fourth Amendment rights had been violated. In particular, he claimed he had been subjected to an unreasonable search and seizure, as well as malicious prosecution. On April 19, 2011, the defendants (Deputy Sheriffs Agos and Gross, along with Arapahoe County) filed a motion to dismiss, arguing that Mr. Larson had failed to state a claim upon which relief could be granted, that the defendants were entitled to qualified immunity, and that Mr. Larson had failed to properly invoke the court's jurisdiction.

The district court granted the defendants' motion to dismiss, rejecting Mr. Larson's allegation that Deputies Agos and Gross violated the Fourth Amendment when they arrested him. The court concluded that the deputies had probable cause to believe that Mr. Larson had committed criminal trespass. The court then determined that because Mr. Larson "has not demonstrated that Defendants Agos and Gross committed a Fourth Amendment violation, Arapahoe County cannot be held liable for the lawful conduct of its officers." Order at 8; Stipulated App. at 62.

The district court then granted defendants' motion to dismiss Mr. Larson's Fourth and Fourteenth Amendment violations based upon his malicious prosecution allegation. It did this on the basis that, once again, the facts alleged in the complaint demonstrate that there was probable cause to arrest Mr. Larson. This appeal followed, in which Mr. Larson argues: (1) the district court erred in employing the wrong standard of review, looking at documents outside of the complaint and weighing the evidence before determining to grant the defendants' motion to dismiss, without converting the motion to one for summary judgment; and (2) the district court erred in dismissing defendant Arapahoe County.

## DISCUSSION

We review a district court's dismissal on a Rule 12(b)(6) motion de novo. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). We do not assess

-4-

credibility; rather, we only consider whether the allegations, taken as true, are legally sufficient to allow the suit to proceed. See id. "[W]e accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." Id. To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "'[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (further quotation omitted).

**I. Consideration of materials outside of the complaint/standard of review:**

Mr. Larson contends that the district court looked at "evidence" outside of the complaint, and improperly weighed that evidence against Mr. Larson's claims and granted defendants' motion to dismiss. More specifically, he claims the district court "cited six instances which it felt supported Defendants' position that a reasonable law enforcement officer would have believed probable cause existed

to believe an offense had been committed."  Appellant's Op. Br. at 14.  He then argues "[t]hese six points, which the District Court apparently utilized as the sole basis for its findings, appear to have been lifted from Defendants' Reply in Support of Their Motion to Dismiss. . . .  They do not appear in Plaintiff's complaint."  Id. at 14-15.[1]

These statements or factual determinations appear to have come from a "Statement in Support of Warrantless Arrest," which Mr. Larson's complaint referenced three times as an "affidavit" and which the defendants attached to their motion to dismiss and filed with the court.[2]  The district court stated that Mr. Larson had incorporated the affidavit into his complaint by reference.  Mr. Larson

---

[1]The six factual statements are as follows:  1) Ms. Henson no longer lived with Mr. Suchan at the residence; 2) Ms. Henson was not welcome in Mr. Suchan's residence; 3) Mr. Suchan had changed the locks to his residence; 4) Mr. Suchan told Mr. Larson that he did not want any further contact from Mr. Larson; 5) Mr. Suchan asked Mr. Larson to leave his residence; and 6) Mr. Larson refused to leave Mr. Suchan's residence.  See Appellant's Op. Br. at 14.

[2]Initially it is not entirely clear to what document the complaint refers when it describes the "affidavit."  Mr. Larson contends now that is a reference to an "Affidavit of Probable Cause for Arrest Warrant," which was prepared by investigator Niki Bales.  He argues it is *not* referring to the "Statement in Support of Warrantless Arrest" submitted to the court along with defendants' motion to dismiss.  However, the complaint expressly states it is an affidavit which was "prepar[ed] or endors[ed]" by the defendants.  The Statement was clearly "prepared" by defendant Deputy Agos.  We have no information by which to gauge whether the defendants "endorsed" the Bales Affidavit.  We can find no reference in the record to the Bales Affidavit; Mr. Larson has simply attached it to his opening brief.  Thus, it appears, as defendants assert, that the "affidavit" referred to in the complaint is the statement submitted by defendants with their motion to dismiss.  We will refer to that document as the affidavit/statement.

challenges the district's reliance on that affidavit/statement. Accordingly, we must determine the propriety of the district court's assessment of that document.

Ordinarily, a "12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court and all parties are given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Fed. R. Civ. P. 12(b) (further internal modifications omitted)). Notwithstanding that general rule, however, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (further quotation omitted). Furthermore, "if a plaintiff does not incorporate by reference or attach such a document to its complaint, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp., 130 F.3d at 1384.

Either of these exceptions to the general rule would justify the district court's reliance on the affidavit/statement. The complaint itself refers three times to the "affidavit." The first time it merely states that "[t]he facts presented in the affidavit by some Defendants and, as acquiesced in by other of the Defendants, were insufficient to show probable cause. As such, the affidavit for warrantless arrest failed to meet the long standing, minimal standards necessary to establish

probable cause." Complaint, ¶ 29; Stipulated App. at 13. In ¶ 36, the complaint states that "Defendants acted recklessly, knowingly, intentionally, willfully and wantonly by preparing or endorsing an affidavit containing false statements in support of his malicious prosecution of Plaintiff, without probable cause." Id., ¶ 36; Stipulated App. at 14. Neither party disputes the authenticity of the affidavit/statement, and it is clearly central to Mr. Larson's claim that the police lacked probable cause to arrest him.

Additionally, the defendants were entitled to attach a copy of the affidavit/statement to their motion to dismiss, inasmuch as Mr. Larson failed to attach it to his complaint. Accordingly, the district court did not err in considering the affidavit/statement in ruling on the motion to dismiss. And, the district court applied established and familiar review standards to its analysis of the motion to dismiss.

## II. Dismissal of Arapahoe County:

Mr. Larson argues that the district court erred in dismissing the case against Arapahoe County on the basis of non-liability under the doctrine of respondeat superior, without recognizing alternative theories under which the County could be liable. We disagree.

As defendants point out, the complaint avers that the "acts or omissions of each Defendant, including the policies, customs, and actual practices described [in the complaint], were the legal and proximate cause" of Mr. Larson's allegedly

illegal arrest and prosecution. But the complaint identifies nothing more, and it identifies no other allegedly unconstitutional conduct by the County other than the acts of defendants Deputies Agos and Gross. Given that, the district court properly concluded that Mr. Larson's theory of liability was based solely on respondeat superior, and it rejected that theory as a basis for finding County liability. See Bryson v. City of Oklahoma City, 627 F.3d 784, 788 (10th Cir. 2010) ("A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff.") (quoting Hinton v. City of Elwood, 997 F.2d 774, 782 (10th Cir. 1993)), cert. denied, 131 S. Ct. 3030 (2011).

**III. Merits of Motion to Dismiss:**

Finally, we agree with the district court's analysis of the merits of the issues presented to the court below. We note that Mr. Larson spent a good deal of his brief addressing procedural matters, and only a part of it on the merits. We affirm the district court's resolution of the motion to dismiss for substantially the reasons stated in its order.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the grant of the motion to dismiss. We DENY any pending motions to strike.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge