FILED
United States Court of Appeals
Tenth Circuit

December 1, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MAYRA CARRERA,

Plaintiff-Appellant,

v.

TYSON FOODS, INC.; TYSON
FRESH MEATS, INC.,

Defendants-Appellees.

No. 11-3069
(D.C. No. 6:09-CV-01180-WEB)
(D. Kan.)

---

ORDER AND JUDGMENT*

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

Mayra Carrera was a trimmer in a Tyson meat processing plant in Kansas.

One day, four of her co-workers — two males and two females — made sexual

gestures toward her by "moving and shaking their hips."  Ms. Carrera believes

that her ex-boyfriend, also a co-worker, may have been the instigator.  When

Ms. Carrera complained, a manager immediately spoke to each of the gesturing

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

co-workers. No further incidents occurred, "but Carrera felt ostracized by employees keeping their distance." Eventually, Ms. Carrera asked to be relocated and Tyson agreed, transferring Ms. Carrera to another post three months later.

Even so, Ms. Carrera sued, alleging a hostile work environment in violation of Title VII. After the case progressed through discovery, the district court granted summary judgment to Tyson. The court held that the conduct of Ms. Carrera's co-workers failed to create a hostile work environment because it involved no more than "one or two isolated instances of boorish behavior."

On appeal, Ms. Carrera argues that the district court erred by focusing only on the gesturing incident and ignoring the fact that afterward her co-workers ostracized her. But the district court did consider this aspect of Ms. Carrera's claim, correctly observing that 'standoffish,' 'unfriendly,' and 'unapproachable' behavior is insufficient to establish an objectively hostile work environment. *See Hicks v. Gates Rubber Co.*, 928 F.2d 966, 972 (10th Cir. 1991)*; McKenzie v. Milwaukee Cnty.*, 381 F.3d 619, 624-25 (7th Cir. 2004).

Even if we were to conclude otherwise, we would still have to affirm. It is, after all, settled law that "[a]n employer is absolved of liability for acts of harassment by its employees if it undertakes remedial and preventative action reasonably calculated to end the harassment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1310 (10th Cir. 2005) (quotation omitted). And that's exactly what Tyson did here, promptly addressing

Ms. Carrera's complaint and taking action that prevented any recurrence of sex-based harassment. To this, Ms. Carrera replies that Tyson should have transferred her to another department sooner. She does not, however, dispute that her manager's intervention was itself sufficient to stop any sex-based harassment. And neither does she dispute that her eventual transfer guaranteed her permanent insulation from any possible further harassment.

After the court had entered its pre-trial order, Ms. Carrera sought to save her case by seeking leave to amend her complaint to include a retaliation claim. The district court refused to allow the proposed amendment on several grounds. On appeal, Ms. Carrera contests only one of those grounds — the district court's conclusion that her proposed amendment would be futile. She does not challenge the district court's alternate conclusions that (1) she unduly delayed the assertion of a retaliation theory with no explanation, and (2) the late amendment would unduly prejudice Tyson. And this oversight is problematic. Where, as here, alternative holdings exist, an appellant's "failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue." *Maher v. City of Chicago*, 547 F.3d 817, 821 (7th Cir. 2008) (quotation omitted); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1387-88 (10th Cir. 1997). So it is that we are unable to reverse

either the district court's summary judgment or amendment rulings and the judgment is affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge