FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GEORGE HALL,

      Plaintiff-Appellant,

v.

ASSOCIATED INTERNATIONAL
INSURANCE COMPANY; PROCTOR
FINANCIAL, INC.,

      Defendants-Appellees.

No. 11-3347
(D.C. No. 5:11-CV-04013-JTM-DJW)
(D. Kan.)

## ORDER AND JUDGMENT*

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

George Hall appeals from the district court's decision dismissing his complaint

pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can

be granted. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

---

\*     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Hall owns a farm in Kansas. At some point, Mr. Hall let the insurance on his farm lapse. As a result, the bank who held the mortgage acquired insurance to protect its interest in the farm (this is commonly known as "forced-placed" insurance). The bank acquired its insurance through defendant Proctor Financial, Inc., who acted as the agent for defendant Associated International Insurance Company.

The original insurance policy provided coverage up to $90,000, but Mr. Hall subsequently notified the bank that the value of the bank's collateral was $185,000. A new policy was issued with coverage up to $190,000. On unknown dates, Mr. Hall received two notices titled "Evidence of Insurance." The notices stated:

> Your Lending Institution (hereinafter called "the Named Insured") has procured insurance under the above referenced Master Policy. This Master Policy has been issued by Associated International (hereinafter called carrier) in respect of coverage and limits as required by the Named Insured (hereinafter called "Required Perils") as agreed and fully detailed within the terms and conditions of your Loan agreement.
>
> This document is issued to notify you that the Named Insured has included your property under the above-mentioned Master Policy for Required Perils. The insurance provided is in accordance with the terms, limitations, conditions and exclusions contained in the Master Policy and any attachments thereto, held on file at the office of the Named Insured. The Original Master Policy may be inspected at the office of the Named Insured, situated at the above address.
>
> In the event of a claim or any circumstances giving rise to the possibility of a claim the Named Insured must IMMEDIATELY notify the person(s) named within the Master Policy.

THIS DOCUMENT IS ISSUED AS EVIDENCE OF INSURANCE ONLY. IT DOES NOT CONSTITUTE A LEGAL CONTRACT OF INSURANCE

Aplt. App. at 7, 8.

In June 2009, Mr. Hall's farm sustained damage from a storm. The bank made a claim on its insurance policy with Associated and received a payment on that claim. In October 2009, Proctor received notice that Mr. Hall disputed the amount paid on the insurance claim.

In November 2009, Mr. Hall brought suit against the bank and Proctor. Mr. Hall settled his claim with the bank and voluntarily dismissed his action against Proctor without prejudice. The parties agreed to certain stipulations that were memorialized in an Agreed Order of Dismissal. In February 2011, Mr. Hall filed a complaint against Proctor and Associated.

Proctor moved to dismiss the complaint for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted and failure to plead fraud with particularity. The district court granted Proctor's motion to dismiss under Fed. R. Civ. P. 12(b)(6). Associated then filed a motion to dismiss, arguing that all of Mr. Hall's claims against it were derivative of his claims against Proctor. The district court granted the motion. Mr. Hall now appeals from the district court's orders granting Proctor and Associated's motions to dismiss.

## II.

We review de novo the district court's Rule 12(b)(6) dismissal. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). To survive a Rule 12(b)(6) motion, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* (quotations omitted). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Id.* (citations omitted). Courts may also "consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quotations omitted).

The court must accept as true factual allegations in the complaint, but this rule does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Also, "factual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1385 (10th Cir. 1997).

When considering a motion to dismiss, the court must first identify conclusory allegations not entitled to the assumption of truth. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). The court must then determine whether the remaining allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

III.

In its first order, the district court considered Proctor's motion to dismiss. The court noted that Mr. Hall's complaint did not contain specifically enumerated claims, but explained that Proctor and the court had construed the complaint as alleging three causes of action: (1) a third-party beneficiary claim based on the forced-place insurance policy (the Master policy); (2) a promissory estoppel claim based on the notices titled "Evidence of Insurance"; and (3) a fraudulent misrepresentation claim based on the same notices. In addition to the complaint, the district court considered the notices titled "Evidence of Insurance," which were attached to the complaint; the dismissal order with the stipulations from the prior lawsuit; the loan documents; the Agreement to Provide Insurance; and the Master Policy. These documents were central to Mr. Hall's claims and he did not dispute their authenticity.

Mr. Hall alleged in his complaint that, under the terms of the mortgage, the bank was obligated to insure *all* of his property held as collateral by the bank. But the district court concluded that this allegation was not entitled to an assumption of truth because it was contradicted by the loan documents and the stipulations from the prior lawsuit, both of which state that Mr. Hall was required to maintain insurance on the property. Likewise, one of the related contracts to the mortgage, the Agreement to Provide Insurance, states that the bank *may* provide insurance at Mr. Hall's expense, but any such insurance will provide limited protection against physical

damage to the collateral and that Mr. Hall's interest in the collateral "may not be insured." Aplt. App. at 279.

The district court next addressed the claims in the complaint. First, the district court determined that Mr. Hall's claim that he was a third-party beneficiary of the insurance policy could not survive the motion to dismiss because he could not point to any provision in the insurance policy that operated to his benefit, *see Byers v. Snyder*, 237 P.3d 1258, 1265 (Kan. Ct. App. 2010) ("[P]arties are presumed to contract for themselves, and their intent that a third person receive a direct benefit must be clearly expressed in the contract."). The policy was purchased by the bank to protect its interest in Mr. Hall's property and any losses under the policy would be payable to the bank. Although Mr. Hall benefited indirectly from the policy because it protected him by covering his loan obligation, his role as an incidental beneficiary did not entitle him to bring a claim as a third-party beneficiary of the contract, *see id.* ("Third-party beneficiaries of a contract are divided into intended beneficiaries and incidental beneficiaries, and only intended beneficiaries have standing to sue for damages resulting from the breach of a contract.").

Next, the district court considered Mr. Hall's claims for promissory estoppel and fraudulent misrepresentation. These claims were based on Mr. Hall's allegations that defendants "represented to plaintiff that the coverage provided on plaintiff's property would provide protection for plaintiff's property given to the bank as collateral and plaintiff relied on that series of representations" and defendants

"misrepresented that the insurance coverage complied with the bank's obligations under the loan documents." Aplt. App. at 4. The court noted that both of these claims require justifiable reliance. The court then explained that to withstand the motion to dismiss, "[Mr. Hall's] allegations must support a reasonable inference that he did in fact rely to his detriment on Proctor's representations, be they promises or false statements, that the Master Policy protected [his] ownership interest in his property and that his reliance was reasonable." *Id.* at 291. After considering the allegations in the complaint and the relevant documents, the court ultimately concluded that "[t]he Master Policy was not intended to insure [Mr. Hall], and the facts [he] alleges in his Complaint are insufficient, or otherwise directly contradicted by properly considered documents, to support his claim that he justifiably relied on any representations by Proctor." *Id.* at 293.

In its second order addressing Associated's motion to dismiss, the district court explained that Mr. Hall's claims against Associated "are based entirely on its liability for Proctor's actions" and "[b]ecause [Mr. Hall's] complaint fails to state a claim against Proctor, it also fails to state a claim against Associated." *Id.* at 307.

On appeal, Mr. Hall argues that the court erred in granting Proctor and Associated's motions to dismiss. Mr. Hall also contends that his complaint contains a claim for negligent misrepresentation, not fraudulent misrepresentation. This issue was not litigated in the district court, which would normally result in its waiver on appeal. In this case, however, it makes no difference if Mr. Hall's claim was for

- 7 -

negligent or fraudulent misrepresentation because both claims require justifiable reliance, *see* Aplt. Br. at 13 (explaining that "Kansas has adopted the Restatement's definition of negligent misrepresentation," which requires "justifiable reliance upon the information" (quotation omitted)).  Accordingly, the district court's conclusion that there were insufficient allegations to support Mr. Hall's claim that he justifiably relied on any representations by Proctor would result in the dismissal of either claim.

We conclude that the district court did not err in granting defendants' motions to dismiss.  The district court's analysis is thorough and well-reasoned.  We therefore AFFIRM the district court's judgment for substantially the same reasons as stated in its Memorandum and Order filed August 1, 2011, and its Memorandum and Order filed November 10, 2011.

Entered for the Court

David M. Ebel
Circuit Judge