FILED
United States Court of Appeals
Tenth Circuit

November 4, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND FITZGERALD, individual;
DAVID T. CUMMING, individual,

        Plaintiffs-Appellants,

v.

US BANK,

        Defendant-Appellee.

No. 13-4072
(D.C. No. 2:12-CV-01113-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

Raymond Fitzgerald and David Cumming agreed to guarantee a $2.5 million

loan their company received from U.S. Bank. When they tried to pay off the loan

ahead of schedule the bank charged them a prepayment fee. This Mr. Fitzgerald and

Mr. Cumming didn't like, and they responded with a lawsuit alleging breach of

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

contract and several related legal wrongs. The bank replied with a motion to dismiss. It appended the relevant bank agreements and argued they made plain, as a matter of law, the plaintiffs' obligation to pay prepayment fees. Ultimately, the district court agreed with the bank's analysis and dismissed the complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). It is this result Mr. Fitzgerald and Mr. Cumming ask us to undo.

The plaintiffs argue that the district court erred by considering the relevant bank agreements in connection with a Rule 12(b)(6) motion. But it's long settled that courts may, at the motion to dismiss stage and without converting the motion into one for summary judgment, "consider documents referred to in the complaint if the documents are central to the plaintiff[s'] claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997). Each of these requirements was satisfied in this case. No one disputes the authenticity of the documents in question. The loan agreements discussing prepayment fee obligations are, as well, referred to and a central part of the plaintiffs' complaint. To be sure, as Mr. Fitzgerald and Mr. Cumming emphasize, their complaint doesn't refer to them by their individual formal titles. Their complaint does, however, refer to the agreements as the "loan documents" and proceed to discuss their alleged contents. The complaint does this, moreover, to support the plaintiff's central contention in this litigation — that they

aren't obligated to pay any prepayment charges.  In these circumstances, the district court was lawfully permitted to refer to the materials it did.

However that may be, Mr. Fitzgerald and Mr. Cumming reply they *still* aren't liable for the prepayment penalty.  They aren't, they say, because the penalty is discussed *only* in the loan agreement between the bank and their company, an agreement they weren't personally parties to.  The difficulty, as the district court noted, is that everyone agrees the company is liable for prepayment penalties to the bank under the terms of its loan agreement and the plaintiffs *did* personally sign a guarantee expressly promising the bank they would satisfy the borrowing company's loans, notes, "and obligations of every kind" it owed the bank.

Aside from their breach of contract claim, Mr. Fitzgerald and Mr. Cumming sought to pursue several other related claims for relief in the district court.  On appeal, they insist the district court was wrong to dismiss those claims but they fail to explain how.  In this way their brief waives any appeal on these other claims, even viewed with the solicitude due *pro se* filings.  *See Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995).  Neither, we can add, has our own independent review turned up any suggestion of reversible error.

Affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge

- 3 -