**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THE ESTATE OF JAMES D. REDD, M.D.;
JEANNE REDD, individually and as Personal
Representative of the Estate of Dr. James
Redd; JAMAICA REDD LYMAN; JASMINE
REDD; JAVALAN REDD; JAY REDD,
individually and as heirs of their natural
father Dr. James Redd,

Plaintiffs - Appellants,

and

JERICCA REDD,

Plaintiff,

v.

UNITED STATES OF AMERICA, through its
federal agencies; Federal Bureau of
Investigation, Department of Justice, and the
Bureau of Land Management,

Defendant - Appellee.

No. 16-4059
(D.C. No. 2:11-CV-01162-TS)
D. Utah

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Plaintiffs-Appellants, referred to collectively as either the "Estate of James D. Redd" or the "Estate," appeal from a final judgment entered in favor of the United States on the Estate's claims under the Federal Tort Claims Act. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

The factual and legal background necessary to understand this appeal is, for the most part, set out in this court's recently filed opinion in *Estate of Redd v. Love*, No. 16-4010, Slip Op. at 3-11 (10th Cir. Feb.13, 2017). The decision in *Love*, which concluded no challenged aspect of the execution of the search warrant at James Redd's residence violated the Fourth Amendment, resolves the majority of the claims at issue in this appeal. *Estate of Redd v. Love*, No. 16-4010, Slip Op. at 22 (10th Cir. Feb.13, 2017) ("Thus, even interpreting the facts most favorably to the Estate, we see no constitutional violation. Agent Love's conduct—deploying twenty-two agents wearing soft body armor and carrying firearms in compliance with agency policy—was not objectively unreasonable under the circumstances."). That is, because the only avenue identified by the Estate to overcome the FTCA's discretionary-function exception to the waiver of

sovereign immunity is the asserted unconstitutional manner of the execution of the search warrant, and because this court concluded in *Love*, on materially identical facts, that no such constitutional violation occurred, all the Estate's claims related to the warrant execution are barred.

The only remaining claims are those relating to the valuation of a "bird effigy pendant" and assertions on the part of the Estate that the valuation of the pendant was falsely inflated to support a felony charge and that prosecutors were aware of the false valuation. The district court dismissed this claim, on the government's motion, early in the litigation. In so doing, the district court concluded the Estate's "allegation that [the cooperating witness] intentionally overvalued the pendant is implausible, and therefore not well-pleaded." Having reviewed de novo the entire record in this case, along with the additional materials from the criminal prosecution of Jeanne Redd considered by the district court, this court agrees with the district court that the Estate's allegations regarding the alleged fraudulent valuation of the pendant are entirely implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *GFF Corp. v. Associated Wholesale Grocers*, *Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997). As correctly noted by the district court, absent the implausible allegation of fraudulent valuation of the pendant, the discretionary-function

exception applies to all identified activities of the prosecutors, barring the Estate's FTCA claim.

For those reasons set out above, the orders of the district court dismissing, on the basis of the discretionary-function exception, all FTCA claims brought by the Estate are hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge