KELLY, Circuit Judge.
Plaintiff-Appellant Digital Ally, Inc. appeals from the district court's grant of summary judgment in favor of Defendant-Appellee Utility Associates, Inc.
*976 Digital Ally, Inc. v. Utility Assocs., Inc., No. 2:14-cv-02262-CM, 2017 WL 1197561 (D. Kan. Mar. 30, 2017). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]
Background
This case concerns two companies who sell in-car video and surveillance systems. Defendant-Appellee, Utility Associates, Inc. (Utility), owns U.S. Patent No. 6,381,556 (the '556 patent 2 ). Utility purchased the patent and other assets in January 2013 from a supplier of in-car mobile surveillance systems. Utility and its CEO, Robert McKeeman, believed that the '556 patent was potentially valuable and covered existing systems already in commerce. Thereafter, Utility sent letters to potential customers (who were at that time customers of competitors), including Plaintiff-Appellant Digital Ally, Inc. (Digital Ally), regarding the consequences of purchasing unlicensed and infringing systems. It urged customers to instead purchase systems from Utility because it now owned the '556 patent.
In October 2013, Digital Ally sought a declaratory judgment of non-infringement in Kansas federal district court, but the suit was dismissed for lack of personal jurisdiction over Utility. In May 2013, Digital Ally filed a petition for inter partes review with the Patent Trial and Appeal Board (PTAB) to determine the validity of all claims on the '556 patent. The PTAB instituted a review of Claims 1-7 and 9-25 and determined that Claims 1-7, 9, 10, and 12-25 were unpatentable, and that Claim 11 was not shown to be unpatentable. I Aplee. Supp. App. 208-09. Claim 8 was not reviewed. The Federal Circuit affirmed this decision.[3] Utility Assocs., Inc. v. Digital Ally, Inc., 672 Fed.Appx. 1000 (Fed. Cir. 2017).
On June 4, 2014, Digital Ally filed this suit containing nine counts against Utility, including monopolization, false advertising, tortious interference, bad faith assertion of patent infringement, defamation and product disparagement, and trade secret misappropriation. The district court granted Utility's motion for summary judgment on all nine counts and denied Digital Ally's motion for partial summary judgment. Our review is de novo. Jencks v. Modern Woodmen of Am., 479 F.3d 1261, 1263 (10th Cir. 2007).
Discussion
Digital Ally appeals only from the grant of summary judgment on Counts I-IV. Digital Ally states in its brief that it will focus "exclusively upon ... 'bad faith.' " Aplt. Br. at 6. Federal Rule of Appellate Procedure 28(a)(8)(A) requires that Digital Ally sufficiently argue the issues it seeks to appeal. See SCO Grp., Inc. v. Novell, Inc., 578 F.3d 1201, 1226 (10th Cir. 2009) ("An issue or argument insufficiently raised in a party's opening brief is deemed waived."). Because bad faith is not at issue *977 in Counts V-IX, Digital Ally has not appealed as to those counts.[4]
Utility also contends that Digital Ally's brief fails to address the alternative bases for summary judgment as to Counts I-IV. We agree. Even if Digital Ally could persuade us that the district court's summary judgment decision was incorrect on the issue of "bad faith"-which counts I-IV require-Digital Ally would still have to address in its opening brief the other grounds on which the district court decision rests. The failure to do so amounts to a concession as to the proof. GFF Corp. v. Assoc'd Wholesale Grocers, Inc., 130 F.3d 1381, 1387-88 (10th Cir. 1997) ; see also SCO Grp., Inc., 578 F.3d at 1226 (recognizing that a party must challenge any "alternative, independently sufficient basis" supporting the district court's judgment). This is because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and entitles the movant to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
As to Count I, the elements of a monopoly claim under 15 U.S.C. § 2 include "(1) monopoly power in the relevant market; (2) willful acquisition or maintenance of this power through exclusionary conduct; and (3) harm to competition." Lenox MacLaren Surgical Corp., v. Medtronic, Inc., 762 F.3d 1114, 1119 (10th Cir. 2014). Digital Ally has not addressed in its opening brief the district court's decision that it did not prove a relevant market and market power. Digital Ally, 2017 WL 1197561, at *3-4. Accordingly, it has conceded the lack of proof on these elements and the district court's decision must be affirmed.
With regard to Count II, bad faith assertion of patent infringement under Ga. Code Ann. § 10-1-771, Digital Ally did not adequately address the district court's decision that Utility's letters were not demand letters and that Digital Ally was not injured by the letters. Id. at *26. According to the district court, the letters "merely suggest that recipients consider investigating whether products they are purchasing fall under the claims of the patent, and that if so, recipients investigate whether their supplier is licensed or needs to be." Id. at *7. Digital Ally's brief fails to adequately address this argument. The only portion of the brief that remotely discusses whether the letters constituted demand letters is the section on hearsay.[5] This portion, however, mentions neither the term "demand letters" nor the Georgia statute. The district court also concluded that "plaintiff provided insufficient evidence [on Count II] ... that plaintiff was injured by those statements." Id. at *26. It ruled Mr. Heckman's testimony was inadmissible to prove injury. Id. at *11. On appeal, Digital argues the testimony was admissible, but it is unclear whether its admissibility *978 arguments concern the injury or demand letter requirement under the Georgia statute. Compare Aplt. Br. at 29 (stating the issue as whether "evidence ... that Digital customers as well as Utility's officers regarded [the letters] as threats of suit for patent infringement"), and id. at 9 (summarizing its argument as whether the letters constituted "threats"), with id. at 37 (mentioning injury). Under Rule 28(a)(8)(A), which requires appellants to clearly state what part of the district court's decision they are appealing, Digital's inadequate briefing has waived any argument on the injury element of its claim, in addition to whether the letters constituted demand letters. See SCO Grp., 578 F.3d at 1226. Accordingly, Digital Ally cannot prove its claim.
Finally, to state a false advertising claim under § 43(a) of the Lanham Act on Counts III and IV, Digital Ally was required to establish
(1) that defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injure the plaintiff.
World Wide Ass'n of Specialty Programs v. Pure, Inc., 450 F.3d 1132, 1140 (10th Cir. 2006) (quoting Sally Beauty Co. v. Beautyco, Inc., 304 F.3d 964, 980 (10th Cir. 2002) ). Here, Digital Ally did not adequately address the district court's holding that the claim failed because the statements in Utility's letters were not false, but rather were made as a promotional strategy that included some puffery. Digital Ally, 2017 WL 1197561, at *14. As a result, Digital Ally has also waived this argument and conceded summary judgment on Counts III and IV.
In light of these concessions, it is unnecessary to consider Digital Ally's bad faith argument or its additional evidentiary arguments. See United States v. Pam, 867 F.3d 1191, 1201 n.9 (10th Cir. 2017).
AFFIRMED.

Because Digital Ally has waived essential arguments for all its claims on appeal, we need not address whether the Federal Circuit has exclusive jurisdiction over any of them under 28 U.S.C. § 1295 because waiver is a threshold non-merits issue that may otherwise dispose of Digital's claims. See United States v. Fisher, 805 F.3d 982, 990 n.2 (10th Cir. 2015) (disposing appeal on waiver ground rather than addressing jurisdiction).

While this was ongoing, Utility filed a patent infringement lawsuit against Digital Ally in the Northern District of Georgia, but it was administratively closed on August 19, 2014, pending the inter partes review by the PTAB.

Digital Ally also acknowledged during oral argument that it was not appealing as to Counts V-IX.

We also find that the district court did not err in excluding evidence concerning Digital's communication with customers, which we review for abuse of discretion. Johnson v. Weld County, 594 F.3d 1202, 1207 (10th Cir. 2010). Digital fails to provide the specific customer communications it claims that the district court erroneously excluded, merely referring generally to the order, which is not enough under the federal rules. See Fed. R. App. P. 28(a)(8)(A). Still, we agree with the district court that the customer communication is hearsay, and that it does not fall under the business records hearsay exception as it was not made in the regular course of business. See Fed. R. Evid. 803(6).